**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

United States of America,                              Case No. 25-cr-372 (MJD/DJF)

        Plaintiff,

   v.                                                      **ORDER AND**
                                                        **REPORT & RECOMMENDATION**
Terrell Vonshay Roberson,

        Defendant.

---

This matter is before the Court on Defendant Terrell Vonshay Roberson's Motion for a Bill

of Particulars (ECF No. 25) and Motion to Suppress Statements (ECF No. 36) ("Motions"). The

Court heard the parties' oral arguments on the Motions on April 23, 2026 ("Motions Hearing").

(ECF No. 48.) Based on the parties' written submissions and oral arguments, and on the entire

file, the Court denies Mr. Roberson's Motion for a Bill of Particulars (ECF No. 25) and

recommends Mr. Roberson's Motion to Suppress Statements (ECF No. 36) be denied as moot.

## I.    BACKGROUND

According to the Government, the Minneapolis Police Department ("MPD") received

information in early March of 2025 from a confidential reliable informant ("CRI") regarding a

man known as "Get Right" who had powdered fentanyl on his person. (ECF No. 39 at 1.) MPD

identified "Get Right" as Terrell Vonshay Roberson, which the CRI confirmed. (*Id*.) The CRI

later reported that Mr. Roberson sold and stored fentanyl at 4019 Dupont Avenue North, Unit #2,

and was in possession of fentanyl while driving a black Dodge Ram truck. (*Id*. at 2.) In late March

of 2025, the CRI completed a controlled purchase of fentanyl from Mr. Roberson, arranged by

MPD. (*Id*.) Based on the CRI's information, the controlled purchase, and surveillance of Mr.

Roberson, MPD obtained search warrants for Mr. Roberson, his Dodge Ram truck (MN license plate 03659128), and 4019 Dupont Avenue North, Unit #2. (*Id*. at 2-3.)

MPD officers executed the warrants on March 27, 2025. They stopped, arrested and searched Mr. Roberson while he was driving the Dodge Ram truck and searched 4019 Dupont Avenue North, Unit #2. (*Id*. at 3.) Inside 4019 Dupont Avenue North, Unit #2, officers found keys to a GMC Yukon XL ("Yukon") parked in the rear driveway. (*Id*.) The officers searched the vehicle, finding fentanyl, drug dealing paraphernalia, and firearms. (*Id*.)

## II.    INDICTMENT

The Indictment charges Mr. Roberson with three counts, each alleging offenses occurring "[o]n or about March 27, 2025, in the State and District of Minnesota." (ECF No. 1 at 1-3.) Count 1 charges Mr. Roberson with Possession with Intent to Distribute Fentanyl in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). (*Id.* at 1.) It alleges that he "did unlawfully, knowingly, and intentionally possess with intent to distribute 40 grams or more of a mixture or substance containing a detectable amount of [fentanyl], a control substance." (*Id.*)

Count 2 charges Mr. Roberson with Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A). It alleges that he "did knowingly possess [three] firearms" "in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, possession with intent to distribute fentanyl as alleged in Count 1." (*Id.* at 2.) Count 2 further identifies the three firearms by specific make, model, caliber and serial number. (*Id.*)

Count 3 charges Mr. Roberson with Felon in Possession of Firearms in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). (*Id.* at 3.) It alleges that, "having been previously convicted of a crime punishable by imprisonment for a term exceeding one year, namely," "Conspiracy to

2

Distribute Cocaine Base" in the "U.S. District Court, District of Minnesota" on or about "April 11, 2017," and "knowing he had been convicted of at least one crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting interstate and foreign commerce, [the three firearms identified in Count 2]." (*Id.*)

### III.     MOTION FOR A BILL OF PARTICULARS

Mr. Roberson's Motion for a Bill of Particulars (ECF No. 25) seeks an order compelling the Government to file a Bill of Particulars specifying the nature of the charges in Counts 1, 2 and 3 of the Indictment. Mr. Roberson argues that the Indictment does not adequately inform him of the essential facts necessary to prepare his defense, avoid surprise at trial and protect against double jeopardy. (ECF No. 25 at 1.)

Federal Rule of Criminal Procedure 7(c) states that an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged[.]" "The test of the sufficiency of an indictment is not whether it could not have been made more definite and certain, but whether it contains the elements of the offense charged, and sufficiently apprises the defendant of what he must be prepared to meet, and in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction." *United States v. Tebeau*, 713 F.3d 955, 962 (8th Cir. 2013) (internal quotation marks omitted) (citing *United States v. Debrow*, 346 U.S. 374, 376 (1953)). "An indictment is normally sufficient if its language tracks the statutory language." *United States v. Sewell*, 513 F.3d 820, 821 (8th Cir. 2008) (citing *Hamling v. United States*, 418 U.S. 87, 117 (1974)).

Federal Rule of Criminal Procedure Rule 7(f) provides that "[t]he court may direct the government to file a bill of particulars." "The purpose of a bill of particulars is to inform the

defendant of the nature of a charge with 'sufficient precision to enable him to prepare for trial' and 'to avoid or minimize the danger of surprise at trial.'"  *United States v. Livingstone*, 576 F.3d 881, 883 (8th Cir. 2009) (quoting *United States v. Hernandez,* 299 F.3d 984, 989–90 (8th Cir.2002), *cert. denied,* 537 U.S. 1134 (2003)).  A district court may order a bill of particulars if "the particulars set out in the indictment fail sufficiently to apprise the defendant of the charges to enable him to prepare a defense."  *United States v. Garrett*, 797 F.2d 656, 665 (8th Cir.1986).  However, "[a] bill of particulars is not a discovery device to be used to require the government to provide a detailed disclosure of the evidence that it will present at trial."  *United States v. Lundstrom*, 880 F.3d 423, 439 (8th Cir. 2018).

Mr. Roberson requests a number of details in his proposed Bill of Particulars for each charge, including: "the exact location(s) where the controlled substance was allegedly found"; "whether the Government alleges the firearms were loaded, operable, or accessible"; and "the specific location where each firearm was found."  (ECF No. 25 at 4.)  After Mr. Roberson filed his Motion for a Bill of Particulars on December 12, 2025 (ECF No. 25), the Government provided the vast majority, if not all, of these requested details in its Response to his pretrial motions filed March 12, 2026 (ECF No. 39).  *See United States v. Brandstrom*, No. 24-cr-234 (JWB/DLM), 2026 WL 74109, at *7 (D. Minn. Jan. 9, 2026), *report and recommendation adopted*, 2026 WL 632478 (D. Minn. Mar. 6, 2026) (finding Government's discovery productions provided details that otherwise may have been required in a Bill of Particulars).

At the Motions Hearing, Mr. Roberson's counsel acknowledged the Government has provided police reports, body-worn camera footage and other discovery that provides an understanding of the Government's case.  However, he continues to seek an articulation of the

4

Government's position regarding how Mr. Roberson possessed the controlled substance and firearms found in the Yukon.

The Government has objected to producing a bill of particulars and responds that the police reports, search warrants, body-worn camera footage, photographs, surveillance videos, jail calls, and DNA evidence it has disclosed tie Mr. Roberson to 4019 Dupont Avenue North, the Yukon, the controlled substance, and the firearms. The Government stated in its Response to the motion that Mr. Roberson was recorded in a jail call expressing concern about whether a third party "had removed the guns and drugs from the Yukon as he had instructed." (ECF No. 39 at 6.) And during the Motions Hearing, Government counsel asserted that it has disclosed DNA lab reports showing Mr. Roberson's major male DNA profile was developed on the three firearms seized from the Yukon.

Upon reviewing the Indictment, the Court finds that it tracks the elements of the offenses charged and sufficiently notifies him of what he is alleged to have done to mount a defense and avoid double jeopardy. Mr. Roberson is not entitled to a detailed recitation of how the Government plans to present its case at trial. *See United States v. Fineday*, No. 23-cr-224 (PJS/LIB), 2023 WL 9552042, at *9 (D. Minn. Dec. 19, 2023), *report and recommendation adopted*, 2024 WL 209081 (D. Minn. Jan. 19, 2024) (holding the that function of a bill of particulars is not to provide a "description of how the Government intends to prove its theory of the case."). Moreover, the Government's disclosures in discovery, briefing in response to the motion, and arguments during the Motions Hearing provided Mr. Roberson with sufficient additional details to inform his defense and minimize the risk of surprise at trial. *See United States v. Milk*, 66 F.4th 1121, 1133 (8th Cir. 2023). Mr. Roberson's Motion for a Bill of Particulars (ECF No. 25) is denied for these reasons.

## IV.    MOTION TO SUPPRESS STATEMENTS

Mr. Roberson's Motion to Suppress (ECF No. 36) seeks an order suppressing statements that Mr. Roberson made to law enforcement during his detention on March 27, 2025 while law enforcement executed search warrants on Mr. Roberson, his Dodge Ram truck, and 4019 Dupont Avenue North, Unit #2.  Mr. Roberson alleges that officers arrested him, placed him in the back of a squad car, and questioned him without advising him of his *Miranda* rights.  *See Miranda v. Arizona*, 384 U.S. 436 (1966).

At the Motions Hearing, the Government represented that it did not plan to use the statements at issue during trial and would self-suppress.  On this basis, Mr. Roberson's counsel agreed that the Motion to Suppress is now moot.  Accordingly, the Court recommends that Mr. Roberson's Motion to Suppress (ECF No. 36) be denied as moot.

## ORDER

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Terrell Vonshay Roberson's Motion for a Bill of Particulars (ECF No. 25) is **DENIED**.

## RECOMMENDATION

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendant Terrell Vonshay Roberson's Motion to Suppress (ECF No. 36) be **DENIED** as moot.

Dated: April 30, 2026                                  *s/ Dulce J. Foster*
                                                                          Dulce J. Foster
                                                                          United States Magistrate Judge

6

## NOTICE

## Order

**Filing Objections:** The above Order is not appealable to the Eighth Circuit Court of Appeals until the conclusion of this matter.

Under Local Rule 72.2(a)(1), "a party may file and serve written objections to the order within 14 days after being served a copy" of the order.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(a)(2).  All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

## Report & Recommendation

**Filing Objections:** The above Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).